UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Saleem El-Amin,<br><br>　　Plaintiff,<br><br>　　v.<br><br>District of Columbia,<br><br>　　Defendant. | Case: 1:17-cv-00083　　(F-Deck)<br>Assigned To : Unassigned<br>Assign. Date : 1/11/2017<br>Description: Pro Se Gen. Civil |

MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint that fails to state a claim upon which relief can be granted.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that merely offers "labels and conclusions[,] . . . a formulaic recitation of the elements of a cause of action . . . [or] naked assertion[s] devoid of further factual enhancement" does not suffice. *Id.* (citations and internal quotation marks omitted)).

The plaintiff is a federal prisoner incarcerated at the United States Penitentiary in Inez, Kentucky. He has sued the District of Columbia. The plaintiff alleges: "On May 6, 2014 at central cell block and D.C. Jail[,] . . . officers under color of state law took my fingerprints and

1

picture prior to trial invading my privacy and violation of 5th amendment for sentencing w/out proper criminal history[.]" Compl. at 1-2. He seeks $550,000 for "failure to train employee policy of violation of privacy and due process." *Id.* at 3. The plaintiff's string of buzzwords simply fails to state a cognizable claim.

To state a federal claim against the District of Columbia, the plaintiff "must allege not only a violation of his rights under the Constitution or federal law, but also that the municipality's custom or policy caused the violation." *Warren v. D.C.*, 353 F.3d 36, 38 (D.C. Cir. 2004) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 123-24 (1992); *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003)). The alleged acts forming the basis of this action—fingerprinting and photographing--amount to nothing more than the "administrative steps" incident to an arrest or other detention. *Sanders v. City of Houston*, 543 F. Supp. 694, 700 (S.D. Tex. 1982), *aff'd*, 741 F.2d 1379 (5th Cir. 1984). They do not trigger due process concerns.

As for the purported tort claim, "invasion of privacy [under D.C. law] is not one tort, but a complex of four, each with distinct elements and each describing a separate interest capable of being invaded." *Greenpeace, Inc. v. Dow Chem. Co.*, 97 A.3d 1053, 1061 (D.C. 2014) (citation and internal quotation marks omitted). Plaintiff has alleged no facts identifying such an interest. Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: January 10, 2017

_____
Chief Judge